UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EPIC TECH, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| | ) | |
| SPINX GAMES LIMITED, | ) | |
| | ) | |
| Defendant | ) | |

**VERIFIED COMPLAINT FOR INJUNCTION AND DAMAGES**

Plaintiff Epic Tech, LLC ("Epic Tech" or "Plaintiff") files this Verified Complaint for Injunction and Damages ("Complaint") against Defendant SpinX Games, Limited ("SpinX" or "Defendant") and shows as follows:

*Jurisdictional Allegations*

1.

Plaintiff Epic Tech, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 55 Pearson Way, Suite E, Lavonia, Georgia 30553.

2.

Defendant SpinX Games, Limited is a company organized under the laws of China with its principal place of business at 9/F, MW Tower, No. 111 Bonham Strand, Sheung Wan, Hong Kong. Defendant SpinX may be served pursuant to the Hague Service Convention.

1

3.

This Court has subject matter jurisdiction pursuant to, amongst other bases, 15 U.S.C. § 1051 *et seq.* (the Lanham Act), 28 U.S.C. § 1331, and 28 U.S.C. § 1338(b).

4.

Specifically, this Court has subject matter jurisdiction over the Federal claims pursuant to 28 U.S.C. §§1331 (federal question jurisdiction); 28 U.S.C. § 1338(a) (original jurisdiction in trademark cases); and 15 U.S.C. §§ 1114 et seq. (the Lanham Act).

5.

Defendant SpinX committed intentional acts that have caused (and continue to cause) harm to Epic Tech in the State of Georgia. Defendant SpinX maintains systematic and continuous contact with Georgia by the below-described actions. Defendant SpinX is subject to jurisdiction pursuant to, among other sources, the Georgia Long-Arm Statute, O.C.G.A. § 9-10-91, and the principals set forth in *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L. Ed. 2d 804 (1984).

6.

Upon information and belief, SpinX does not maintain an office or registered agent at any location in the United States.

7.

Venue is proper in this judicial district pursuant to the provisions of 28 U.S.C. § 1391(b)(3).

*Facts*

8.

Epic Tech is a business engaged in the design, development, manufacture, operation, distribution, and sale and lease of proprietary computer gaming hardware and software. Plaintiff's proprietary gaming hardware and software products are sold and leased throughout the United States and the world, and are used in a variety of locations to conduct (where permitted by law) gambling games, social casino games, and other sorts of gaming entertainment.

9.

One of the many gaming software titles distributed and sold by Epic Tech is "Ca$h Bash."

10.

Epic Tech filed an application for protection of the word mark, "CA$H BASH" (the "Mark") with the United States Patent and Trademark Office ("USPTO") on or about April 27, 2012. On or about January 15, 2013, the Mark was duly registered by the USPTO under Registration Number 4277321. A true and correct copy of the registration is attached hereto as Exhibit A.

11.

As is set forth in the application and registration materials, Epic Tech has used the Mark on gaming equipment, namely gaming machines configured to offer

electronic slot games, electronic bingo games, electronic casino games, and other types of games.

12.

Epic Tech timely filed declarations of use and incontestability for the Mark on January 15, 2019 and January 24, 2022.

13.

On February 15, 2019, the USPTO acknowledged Epic Tech's continuing use of the Mark as incontestable.

14.

As is set forth in the application and registration materials associated with the Mark, Epic Tech has continuously used the Mark in commerce since May 31, 2012.

15.

The Mark is currently used on gaming machine consoles in use throughout the United States.

16.

The Mark is famous and is widely known throughout the video gaming industry.

17.

In September 2021, Epic Tech's wholly-owned subsidiary, Big Frog Games, LLC ("Big Frog"), began development of a mobile play-for-fun social casino version of the CA$H BASH game.

18.

The Big Frog CA$H BASH mobile application is expected to be available to the public in the second quarter of 2022.

19.

A mobile play-for-fun social casino version of Epic Tech's existing CA$H BASH game is a natural and proximate expansion of Epic Tech's use of its long-held and incontestable Mark.

20.

Defendant SpinX describes itself as a "top tier Social Casino games company" providing play-for-fun slot machine and other games via mobile application to users around the world.

21.

Upon information and belief, since at least December 13, 2020, Defendant SpinX has used the title "CASH BASH" on mobile social casino games, electronic slot games, electronic bingo games, and/or electronic casino games.

22.

Defendant SpinX has distributed (and continues to distribute) the CASH BASH mobile game to users via, *inter alia,* the Google Play store, the Apple App Store, and via its website.

23.

SpinX has distributed (and continues to distribute) the CASH BASH mobile game to users in the United States.

24.

Defendant's CASH BASH mobile game generates significant revenue for SpinX by the display of third-party advertisements to users and from in-application purchases ("IAPs") by users of the game.

25.

Upon information and belief, SpinX has distributed (and continues to distribute) the CASH BASH mobile game to users in the State of Georgia.

26.

On December 18, 2020, SpinX filed an intent-to-use application with the USPTO for the mark, "CASH BASH."

27.

As of April 19, 2022, SpinX's CASH BASH mobile game had 27,796 reviews on the Google Play store. See Exhibit B.

28.

As of April 19, 2022, SpinX's CASH BASH mobile game was ranked #71 in the "Casino" category and had approximately 2300 reviews on the Apple App Store. See Exhibit C.

29.

On March 29, 2021, the USPTO issued an office action refusing to register SpinX's CASH BASH mark due to the likelihood of confusion with Epic Tech's Mark.

30.

On November 2, 2021, the USPTO issued a final office action refusing to register SpinX's CASH BASH mark due to the likelihood of confusion with Epic Tech's Mark.

31.

Epic Tech learned of the existence of SpinX's application for registration of the CASH BASH mark in November, 2021.

32.

Counsel for Epic Tech sent a cease-and-desist letter to counsel for SpinX demanding that SpinX (1) immediately cease and permanently desist from any further use of the infringing CASH BASH mark in the United States and (2) abandon the then-pending application for registration of the CASH BASH mark.

33.

On February 15, 2022, counsel for SpinX requested that the USPTO reconsider its decision in the final office action denying registration of SpinX's CASH BASH mark.

34.

On March 21, 2022, the USPTO refused SpinX's request for reconsideration of its refusal to register SpinX's CASH BASH mark.

35.

On March 30, 2022, counsel for Epic Tech sent a second (and final) cease and desist letter to counsel for SpinX, again demanding that SpinX (1) permanently

cease and desist from any further use of the CASH BASH mark in the United States, (2) provide a full accounting of all revenue generated by SpinX's use of the CASH BASH name as the title of its online social casino mobile application, and (3) inform Epic Tech of the new name with which SpinX intends to rebrand the CASH BASH mobile application.

36.

On April 7, 2022, counsel for SpinX <u>again</u> requested that the USPTO reconsider its decision in the final office action denying registration of SpinX's CASH BASH mark.

37.

The title CASH BASH is similar to Epic Tech's mark, CA$H BASH.

38.

Defendant SpinX's use and infringement of Plaintiff's CA$H BASH Mark was and is willful.

39.

Defendant SpinX's use and infringement of Plaintiff's CA$H BASH Mark was and is undertaken with the goal and intention of capitalizing on the goodwill and recognition of Plaintiff's Mark.

40.

Defendant SpinX was, of course, aware of the illegal nature and consequences of its infringement at all times.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

41.

Plaintiff realleges and incorporates into this count by reference the allegations contained in Paragraphs 1 through 40 above as if those allegations were again set forth in full.

42.

Defendant SpinX's unauthorized use in commerce of the title CASH BASH in connection with its mobile gaming application is likely to result in confusion, deception, and/or mistake with respect to Plaintiff's CA$H BASH Mark by consumers of video gaming products and other members of the general public.

43.

Defendant SpinX has used and is continuing to use the title CASH BASH in connection with its mobile gaming application with full knowledge of Epic Tech's prior and extensive rights in the CA$H BASH Mark and with the bad faith intent and purpose of trading upon the goodwill of Epic Tech's CA$H BASH Mark.

44.

Defendant SpinX's infringement is willful and deliberate.

45.

Defendant SpinX's unauthorized use in commerce of the confusingly-similar CASH BASH title constitutes an infringement of Epic Tech's CA$H BASH Mark pursuant to 15 U.S.C. § 1114 *et seq.*

46.

As a result of Defendant SpinX's actions, Epic Tech has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial. Unless enjoined by this Court, Defendant SpinX will continue these acts, thereby causing Epic Tech further immediate and irreparable damage.

## COUNT II
## FEDERAL UNFAIR COMPETITION

47.

Plaintiff realleges and incorporates into this count by reference the allegations contained in Paragraphs 1 through 40 above as if those allegations were again set forth in full.

48.

Defendant SpinX has and is engaged in acts of unfair competition through the false designation of origin and false advertising in violation of Section 43 of the Trademark Act of 1946, 15 U.S.C. § 1125(a).

49.

Defendant SpinX has and is using the mark CASH BASH, which is functionally identical to Epic Tech's CA$H BASH Mark, without authorization.

50.

Defendant SpinX has made and is making false express and implied representations that its CASH BASH product originates with, is associated with,

and/or is endorsed or allowed by Epic Tech in such a manner as to create a likelihood of confusion among consumers, thereby inducing the belief that, contrary to fact, Defendant's products are sponsored by, approved by, or otherwise tolerated by Epic Tech.

51.

Defendant SpinX's unauthorized use in commerce of the CASH BASH title constitutes a false designation of origin and a false or misleading representation of fact that is likely to confuse or deceive consumers, or cause consumers to believe mistakenly that Defendant and/or its products and services are offered by Epic Tech, or are otherwise affiliated, connected, or associated with, or sponsored or approved by Epic Tech.

52.

Defendant SpinX's unauthorized use in commerce of the CASH BASH title in connection with Defendant's marketing, distribution, promotion, and sale to the consuming public of goods (specifically video game software) constitutes a misappropriation of the distinguishing and identifying features that Epic Tech created through substantial effort and expense.

53.

Defendant SpinX's actions constitute violations of 15 U.S.C. §1125(a) in that such false designation and representations of origin and quality are used on or

in connection with the services and products that Defendant caused to enter into or to affect interstate commerce.

54.

Defendant SpinX has used and is continuing to use the CASH BASH title with full knowledge of Epic Tech's extensive and longstanding rights in the CA$H BASH Mark, and therefore with an intent and bad faith purpose to trade upon the goodwill of those marks.

55.

Defendant SpinX's infringement is thus willful and deliberate.

56.

Defendant SpinX's unauthorized use in commerce of the CASH BASH title constitutes unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a).

57.

Defendant SpinX's acts have irreparably damaged, impaired, and diluted Epic Tech's goodwill and good name.  Epic Tech has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless enjoined by this Court, Defendant will continue these acts, thereby causing SpinX further immediate and irreparable damage.

## COUNT III
## DILUTION OF FAMOUS MARK

58.

Plaintiff realleges and incorporates into this count by reference the allegations contained in Paragraphs 1 through 40 above as if those allegations were again set forth in full.

59.

Defendant SpinX has and is engaged in acts constituting dilution in violation of Section 43(c) of the Trademark Act of 1946, 15 U.S.C. § 1125(c).

60.

Defendant SpinX has made commercial use of the CASH BASH title with the willful intent to trade on Epic Tech's reputation and to cause dilution of the famous CA$H BASH Marks.

61.

Defendant SpinX's use of the CASH BASH title began long after Epic Tech's CA$H BASH Mark had become well-known and famous.

62.

Defendant SpinX's use of the CASH BASH title causes dilution of the CA$H BASH Mark's distinctive quality.

63.

Defendant SpinX's use of the CASH BASH title lessens the public's capacity to identify and distinguish Epic Tech's CA$H BASH goods.

64.

Defendant SpinX has used and continues to use the CASH BASH title with full knowledge of Epic Tech's long prior rights in the CA$H BASH Mark and the fame of that Mark.

65.

Defendant SpinX's use of the CASH BASH title represents a deliberate intent and bad-faith purpose to trade upon the goodwill of Epic Tech's CA$H BASH Mark and/or to dilute the distinctive quality of the CA$H BASH Mark, to blur and diminish the distinctive quality of the CA$H BASH Mark, and/or to lessen the CA$H BASH Mark's capacity to identify and distinguish the goods of Epic Tech.

66.

Defendant SpinX's activities complained of herein constitute dilution within the meaning of Section 43(c) of the Trademark Act of 1946, 15 U.S.C. § 1125(c).

67.

As a result of Defendant SpinX's acts, Epic Tech has suffered and continues to suffer and incur irreparable injury, loss of reputation, and pecuniary damages to be proved at trial.  Unless enjoined by this Court, Defendant will continue these acts, thereby causing Epic Tech further immediate and irreparable damage.

## **PRAYER FOR RELIEF**

Epic Tech prays for judgment against Defendant that includes:

(a) A preliminary and permanent injunction enjoining Defendant and any affiliated persons or entities (including their officers, directors, agents, employees, successors, and assigns and all others acting in knowing concert with them) from directly or indirectly:

    (1) Using the CA$H BASH Mark or any confusingly similar mark or designation in connection with the marketing, promotion, and/or sale of video gaming related products, including mobile and social casino gaming applications;

    (2) Engaging in any other or further acts of unfair competition against Epic Tech;

    (3) Using any trademark or trade name which will be likely to dilute the distinctive quality of the CA$H BASH Mark; and

    (4) Engaging in any deceptive trade practices in the offering of goods or services under or by the use of the CA$H BASH Mark and/or any other variation or simulation of that Mark.

(b) Damages as set forth in 15 U.S.C. § 1117 (a), including but not limited to, special and general damages in an amount to be

      proved at trial, all profits generated by Defendant from the infringement of the CA$H BASH Mark;

(c) Epic Tech's reasonable attorney fees as set forth in 15 U.S.C. § 1117(a);

(d) Costs of suit incurred herein as set forth in 15 U.S.C. § 1117(a);

(e) An order directing Defendant to file with this Court and to serve upon Epic Tech within thirty (30) days after entry of the order a sworn written statement setting forth the manner, form, and details of Defendant's compliance with the other terms of the Court's order(s) and judgment herein; and

(f) Such other and further relief as this Court deems just and proper.

Respectfully submitted this 23rd day of May, 2022.

                                          **WELLBORN, WALLACE & MULLMAN, LLC**

| | |
|---|---|
| 1218 Menlo Dr. NW, Suite E<br>Atlanta, Georgia 30318<br><br>Phone:  (404) 352-3990<br>Fax:    (404) 352-3995<br>E-mail:  kelly@wellbornlaw.com<br>           pete@wellbornlaw.com<br>           sam@wellbornlaw.com | /s/  Kelly O. Wallace<br>Kelly O. Wallace<br>Georgia Bar No. 734166<br>Paul F. Wellborn III<br>Georgia Bar No. 746720<br>Samuel A. Mullman<br>Georgia Bar No. 456630<br><br>*Attorneys for Epic Tech, LLC* |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EPIC TECH, LLC, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| | ) |
| SPINX GAMES LIMITED, | ) |
| | ) |
| Defendant | ) |

## RULE 7.1 CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

This is to certify that the foregoing Verified Complaint was prepared using 14 point Times New Roman font and accordingly complies with Local Rule 5.1.

This certificate is given in compliance with Local Rule 7.1(D).

This 23rd day of May, 2022.

                                                    **WELLBORN, WALLACE & MULLMAN, LLC**

                                                  /s/  Kelly O. Wallace

1218 Menlo Dr. NW, Suite E        Kelly O. Wallace
Atlanta, Georgia 30318             Georgia Bar No. 734166
                                       Paul F. Wellborn III
Phone:  (404) 352-3990           Georgia Bar No. 746720
Fax:      (404) 352-3995           Samuel A. Mullman
E-mail:   kelly@wellbornlaw.com   Georgia Bar No. 456630
          pete@wellbornlaw.com
          sam@wellbornlaw.com      *Attorneys for Epic Tech, LLC*

## INDEX TO EXHIBITS

Exhibit A          CA$H BASH Trademark Registration

Exhibit B          "Cash Bash" Google Play Store Page, April 19, 2022

Exhibit C          "Cash Bash" Apple App Store Page, April 19, 2022