UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EPIC TECH, LLC,<br><br>      Plaintiff,<br><br> v.<br><br>SPINX GAMES LIMITED,<br><br>      Defendant. | Civil Action No. 1:22-cv-02043-SCJ |

**DEFENDANT SPINX GAMES, LIMITED'S MOTION TO STAY ALL DEADLINES PENDING THE MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendant SpinX Games, Limited ("SpinX") respectfully requests that this Court stay all case deadlines—including the deadline to conduct a Rule 26(f) conference, file a joint preliminary report and discovery plan, and serve initial disclosures—until the Court has ruled on SpinX's pending Motion to Dismiss all claims in this action.

**I. PROCEDURAL HISTORY**

On May 23, 2022, Plaintiff Epic Tech, LLC ("Epic Tech") filed its Complaint alleging trademark infringement, false designation of origin and false advertising under the Lanham Act, and trademark dilution against SpinX. *See* Compl. [Dkt. 1]. In early September, respective counsel for SpinX and Epic Tech began

1

discussing the possibility of settling this case without further litigation. The parties agreed to extend the time for SpinX to respond to the Complaint to allow the parties time to conduct a good-faith negotiation to resolve this matter. *See* Mot. for Extension of Time [Dkt. 14]. On November 30, 2022, SpinX filed a motion to dismiss Epic Tech's Complaint in its entirety for failure to state a claim for all allegations. *See* Mot. to Dismiss [Dkt. 16].

## II.     ARGUMENT AND CITATION TO AUTHORITY

The Court has broad discretion to stay proceedings before it incidental to the Court's power to control its own docket "for the parties' and witnesses' convenience and in the interest of justice." FED. R. CIV. P. 26(d)(3); *accord Clinton v. Jones*, 520 U.S. 681, 706 (1997). In the interest of efficiency and judicial economy, SpinX respectfully requests that the Court stay all pending deadlines until after the Court has ruled on the pending Motion to Dismiss.

The applicable rules already preclude discovery from commencing until after the Court rules on the Motion to Dismiss: the discovery period does not commence until 30 days after SpinX's answer, *see* L.R. 26.2(A). But the Court's local rules impose several near-term discovery-related deadlines that are not automatically stayed pending the Motion to Dismiss: participation in a Rule 26(f) (early planning) conference, *see* L.R. 16.1, NDGa; *see also* FED. R. CIV. P. 26(f);

preparation of a joint preliminary report and discovery plan, *see* L.R. 16.2, NDGa; *see also* FED. R. CIV. P. 26(f); and serving initial disclosures, *see* L.R. 26.1(A), (B)(4), NDGa; *see also* FED. R. CIV. P. 26(a)(1).

Yet, it would be premature and inefficient for the parties to conduct these matters and for the Court to review these filings as SpinX has "filed a motion to dismiss that may dispose of the entire case, which would obviate the need" for pretrial matters. *Jumlist v. Prime Ins. Co.*, 2021 WL 6751892, at *2 (N.D. Ga. June 24, 2021) (Jones, J.).  If the Court grants SpinX's Motion to Dismiss, the case will end without the need for any further pretrial matters.  And if the Court denies part or all of SpinX's Motion to Dismiss, the parties can then meet all discovery-related deadlines, and nothing is lost and no party is prejudiced.  Yet, requiring the parties to conduct a Rule 26(f) conference when the parties do not know which claims may remain after the Court has ruled on the Motion to Dismiss is "not efficient and would probably require that the conference be duplicated, if still necessary," after the Court's ruling. *Palacious v. Lienhard*, 2015 WL 11978699, at *3 (N.D. Ga. Aug. 21, 2015).  The same principle holds true for drafting the joint preliminary report and discovery plan and the initial disclosures.  Staying all of these deadlines until the Court has determined which issues require discovery

would preserve judicial resources and prevent the parties from incurring unnecessary costs.

Counsel for SpinX conferred via e-mail with counsel for Epic Tech, who consents to stay only the Rule 26(f) conference deadline but does "not agree to extend any of these other preliminary matters." This proposal does not further the efficiency and economy interests that this Court has relied upon in routinely granting motions like the one SpinX files now. It does not make sense for the Parties to file a Rule 26(f) report without first holding a Rule 26(f) conference. Indeed, the purpose of the Rule 26(f) conference is to "discuss discovery, limit issues, and discuss *other matters also addressed in the Joint Preliminary Report and Discovery Plan*." LR 16.1, NDGa. To the extent the Parties must file a Rule 26(f) report, dispensing with the conferral requirement undermines the goal of the Local Rules. Likewise, because discovery is stayed and it is not clear at this point what claims, if any, will survive the motion to dismiss, it is premature for the parties to serve initial disclosures. *See Odion v. Google Inc.*, 2014 WL 12648461, at *2 (N.D. Ga. Apr. 17, 2014) (Jones, J.).

### III.   CONCLUSION

This Court has been clear that where (as here) discovery "has yet to begin, it is appropriate to toll … deadlines for conducting a Rule 26(f) planning conference,

4

filing a joint preliminary report and discovery plan, and completing initial disclosures until a ruling is made on their respective motions to dismiss." *Odion*, 2014 WL 12648461, at *2.  For the foregoing reasons, SpinX respectfully requests that this Court adopt the same posture here and grant this Motion to Stay All Deadlines pending a ruling on SpinX's Motion to Dismiss.

                          Respectfully submitted,

                          KEKER, VAN NEST & PETERS LLP

Dated: December 9, 2022

By:  *s/Ajay S. Krishnan*
     AJAY S. KRISHNAN (*pro hac vice*)
     MICHELLE YBARRA (*pro hac vice*)
     CHRISTOPHER SUN (*pro hac vice*)
     DANIEL B. TWOMEY (*pro hac vice*)
     633 Battery Street
     San Francisco, CA  94111-1809
     Telephone:  415 391 5400
     Facsimile:  415 397 7188

     MICHAEL BAUMRIND
     BONDURANT, MIXON & ELMORE LLP
     1201 West Peachtree Street NW, Suite 3900
     Atlanta, GA  30309
     Telephone: 404.881.4195
     Facsimile:  404.881.4111

     Attorneys for Defendant
     SPINX GAMES LIMITED

## CERTIFICATE OF SERVICE, FONT, AND MARGINS

I certify that today I served a true and correct copy of the foregoing document using the Court's CM/ECF system, which will automatically serve a copy on all counsel of record.

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court, pursuant to L.R. 5.1.

*/s/ Michael Baumrind*
Michael Baumrind

1950735.v3